**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARYAI KISTAMMA, | No. 08-72934 |
| Petitioner, | Agency No. A041-927-716 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2010[**]
San Francisco, California

Before: FERNANDEZ and TALLMAN, Circuit Judges, and HOGAN, Senior
District Judge.[***]

Petitioner Maryai Kistamma, a native and citizen of Guyana seeks review of

an order of the Board of Immigration Appeals ("BIA") dismissing Kistamma's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Thomas F. Hogan, United States District Judge for the
District of Columbia, sitting by designation.

appeal of the Immigration Court's decision denying her application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition. As the facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision.

## I. Petitioner's Withholding of Removal Claim

"To establish eligibility for withholding of removal in the absence of past persecution, an applicant must demonstrate both that he has a subjective fear of persecution in the future, and that this fear is objectively reasonable—which, in the withholding context, means that the chance of future persecution is 'more likely than not.'" *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 208.16(b)(2)). This standard "is more stringent than the well-founded fear standard governing asylum." *Al-Harbi v. INS*, 242 F.3d 882, 888-89 (9th Cir. 2001); *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *see also Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008) ("When the government rebuts an applicant's well-founded fear of future persecution, it defeats the applicant's asylum claim, *and* his or her claim for withholding of removal."). The decision that a petitioner has not established eligibility for withholding of removal is reviewed for substantial evidence. *Tampubolon v. Holder*, No. 06-70811, 2010

2

WL 2541610, at *2 (9th Cir. June 25, 2010). Under this standard, the Court may overturn factual findings only where "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). BIA interpretations of law, by contrast, are reviewed *de novo. Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003).

Kistamma challenges the BIA's conclusion that she failed to demonstrate a clear probability of persecution at the hands of members of the People's National Congress ("PNC") if she returns to Guyana. Pointing to *Garrovillas v. INS*, 156 F. 3d 1010 (9th Cir. 1998), and to affidavits submitted in support of her petition, Kistamma also complains that the BIA decision insufficiently accounts for conditions in her family's home village of Liverpool.

We agree with the BIA's conclusion that, since she was not persecuted, Kistamma is not entitled to a presumption of future persecution based solely on her family's experiences in Guyana. 8 C.F.R. § 1208.16(b)(1)(i). Therefore, Kistamma's reliance on *Garovillas* is misplaced. The cited passage concerns a situation where an alien has established past persecution and therefore a presumption of a well-founded fear of future persecution under 8 C.F.R. § 1208.13(b)(1). When finding such a presumption to be rebutted, the BIA must

3

provide an "'individualized analysis' of how changed conditions will affect the specific petitioner's situation." *Garovillas*, 156 F.3d at 1017 (citations omitted). Here, Kistamma enjoys no such presumption. Moreover, substantial evidence, including recent State Department Country Reports and testimony regarding Kistamma's visit in 2000, also supports the BIA's determination that "a fundamental change in circumstances took place in Guyana after the respondent's departure such that any presumption of future persecution has been rebutted." As the IJ explained, ". . . there is no evidence of record that any violent, threatening, or severe retributions []or crimes being committed against persons who are former supporters or present supporters of the [People's Political Party ("PPP")], including in the village wherein the Respondent and her family lived before they came to the United States . . . ." On this record, we find that the IJ's analysis, as adopted by the BIA, is suitably "individualized" and that the alternate determination that a fundamental change sufficient to rebut a presumption of future persecution is supported by substantial evidence.

Also unfounded is Kistamma's claim that the Immigration Court failed to properly consider her claim of racial persecution or "mixed-motive political-racial" persecution. The BIA addressed Kistamma's racial persecution claim, noting that

4

articles cited by Kistamma "make no mention of racially-motivated persecution in Guyana." Although two letters allege her family was subjected to "racial life threatening abuse and harassment because of their association with [the PPP]," substantial evidence supports the BIA's conclusion that Kistamma failed to establish that she will more likely than not face persecution on account of a protected ground upon return to Guyana.

## II.    Petitioner's Convention Against Torture Claims

To be eligible for relief under CAT, "a petitioner must show that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (internal quotation marks omitted). Evidence in the record suggests that members of Kistamma's family experienced reprehensible treatment in the 1980s. Both the BIA and IJ observed, however, that "the record reflects that there have been no credible reports of the use of torture in Guyana in recent years." Substantial evidence in the record supports the agency's conclusion that Kistamma would not more likely than not to be tortured were she to return to Guyana.

**PETITION DENIED.**